# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6616 | **DATE** | 8/2/2004 |
| **CASE TITLE** | ROBERT M. ZIEMAN, SR. vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motions to dismiss are granted. Status hearing set for 8/24/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. ZIEMAN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02 C 6616 |
| ) | |
| CITY OF CHICAGO, a municipal ) | |
| corporation, et al., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Robert M. Zieman filed a 24-count complaint against defendants, the City of Chicago (City) and numerous employees, alleging violations of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 and state law claims. Defendants filed motions to dismiss the complaint arguing that plaintiff fails to state a claim for relief. For the following reasons, defendants' motions are granted.

BACKGROUND

The facts are taken from plaintiff's complaint. In April 1980, the City hired plaintiff to work in the Department of Streets and Sanitation and, in 1999, promoted him to a supervisory position. On August 29, 2001, two City employees, defendants Ernest Cato and Rebecca Wright, allegedly threatened to fire plaintiff if he failed to answer questions. Defendants allegedly used information learned from this questioning to obtain a search warrant for plaintiff's residence which led to the discovery of firearms in plaintiff's possession. Plaintiff was then arrested and charged with violating Section 8-20-040(a) of the Chicago Municipal

Code for failure to register his firearms.[1] Following the arrest, plaintiff was placed on administrative leave and on January 2, 2002, following his conviction, he was terminated from his job with the City.

## DISCUSSION

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court assumes the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986). Where the plaintiff alleges facts establishing that a defendant is entitled to prevail on a motion to dismiss, the court may find that the plaintiff has plead himself out of court. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

While plaintiff's complaint and brief in opposition to this motion are extremely detailed, his claims can be broken down into three general categories. First he alleges that his Second Amendment right to bear arms was infringed by the defendants' actions, and that the City's

---

[1] In the complaint and briefs, both parties refer to Section 8-20-030(a) of the Code, which is nothing more than a definition section. We assume, for purposes of this motion, that plaintiff's arrest and conviction arose under Section 8-20-040(a), which states:

> All firearms in the City of Chicago shall be registered in accordance with the provisions of this chapter. It shall be the duty of a person owning or possessing a firearm to cause such firearm to be registered. No person shall within the City of Chicago, possess, harbor, have under his control, transfer, offer for sale, sell, give, deliver, or accept any firearm unless such person is the holder of a valid registration certificate for such firearm. No person shall, within the City of Chicago, possess, harbor, have under his control, transfer, offer for sale, sell, give, deliver, or accept any firearm which is unregisterable under the provisions of this chapter.

ordinance requiring registration of weapons violates the federal and state constitutions. Second, plaintiff alleges that the search and seizure, and the subsequent arrest and conviction, violated his civil rights as protected by sections 1983 and 1985. Finally, plaintiff claims that his arrest, conviction and termination by defendants were wrongful, resting upon numerous state law claims.

We first deal with plaintiff's challenge to the City's firearms ordinance. The Second Amendment regulates only federal government restrictions and not those of the states or their subdivisions. Sklar v. Byrne, 727 F.2d 633, 637 (7th Cir. 1984), *citing* Quilici v. Village of Morton Grove, 695 F.2d 261, 269-71 (7th Cir. 1982). For that reason alone, plaintiff's claim should be dismissed as he fails to point to a federal right infringed by the state actors, as is required to state a claim pursuant to section 1983. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Moreover, the court in Sklar went on to find that the Chicago ordinance is valid in light of the Fourteenth Amendment and Illinois Constitution because it is rationally related to the state's police power, as described in Article I, Section II. 727 F.2d at 637. Despite plaintiff's citations to numerous arguments in favor of a more expansive reading of the Second Amendment (including United States v. Emerson, 270 F.3d 203 (5th Cir. 2001), *cert. denied*, 536 U.S. 907 (2002) (reversing the grant of motion to dismiss indictment, holding that a *federal* statute did not violate the Second Amendment), plaintiff fails to direct us to any binding authority in support of his arguments and fails to allege that defendants infringed his federally protected rights in any way.

We next deal with plaintiff's allegations of civil rights violations arising from the search, arrest and conviction. It is a dominoes theory: improper interrogation led to a search warrant, which led to seizure of firearms, which led to his arrest, which led to his conviction, which

led to his termination. His claims in this area seek to revisit the state court rulings against him. A state court expressly dealt with the legality of the search warrant, and this court is not the proper forum for further consideration of that issue. To the extent that any of his arguments survive *res judicata*, the Rooker-Feldman doctrine prevents us from reviewing state court determinations, and Heck v. Humphrey, 512 U.S. 477 (1994), bars any civil rights claim that would necessarily invalidate a conviction or sentence. Under Heck, it does not matter whether plaintiff has exhausted all remedies or whether the possibility of further state court appeals remains; the plaintiff must show that his state court conviction has been vacated before he can use section 1983 to seek damages resulting from that conviction. 512 U.S. at 486-87; Wiley v. City of Chicago, 361 F.3d 994, 996-97 (7th Cir. 2004). Nothing in plaintiff's complaint indicates that any such favorable ruling has been made. The lower court rulings are final decisions for these purposes and, should plaintiff wish to pursue his arguments, can be appealed only through the state court system. He apparently is doing so.

We also note that a claim for a civil rights violation may be brought only against those defendants actually responsible for the deprivation of rights. *See* Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff may not rely on the doctrine of *respondeat superior*, but must instead allege personal involvement by each defendant in the wrongdoing. *Id.* citing Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). There is some indication that plaintiff is alleging that the individual defendants were responsible for the City's policies and procedures pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). To the extent that plaintiff alleges that defendants were acting in their official capacities, these claims are essentially against the City and the individual defendants should be dismissed. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

For these reasons, plaintiff fails to allege that the defendants deprived him of any federally protected rights. To the extent that he properly pleads state law tort claims, those claims are dismissed without prejudice and we reiterate that state court is the proper forum for any remaining disputes.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

August 2, 2004.